# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANCISCO LUJAN-CARPIO,<br><br>　　　　　　　　　　Defendant. | Case Nos.: 12CR4302-JLS<br>　　　　　　　14CV2171-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTIONS UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE and DENYING CERTIFICATE OF APPEALABILITY** |

　　　　On September 11, 2014, Defendant, proceeding *pro se*, filed a Motion for Time Reduction by an Inmate in Federal Custody under 28 U.S.C. § 2255 (ECF No. 28).  On April 25, 2016, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 30).  Plaintiff has not filed a response to either motion.

　　　　Defendant's first motion was filed more than one year after his conviction became final[1] and is therefore untimely pursuant to 28 U.S.C. § 2255(f)(1).  Defendant has not alleged or demonstrated that any of the alternative limitation periods set forth in Section 2255(f) are applicable with respect to this motion.

---

[1] Defendant was sentenced on February 22, 2013 and he filed no notice of appeal.  Thus, his conviction became final 14 days later.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing that statute of limitations for § 2255 motion began to run upon the expiration of the time during which the defendant could have sought review by direct appeal).

1

Defendant contends that his second motion, filed on April 25, 2016, is timely pursuant to 28 U.S.C. § 2255(f)(3)[2] in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.

Defendant contends that *Johnson* announced a new rule rendering his sentence enhancement for a crime of violence pursuant to United States Sentencing Guideline Section 2L1.2(b)(1)(A)(ii) void or unconstitutional. This argument, however, is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). In *Beckles*, the Court held that the Sentencing Guidelines are not subject to a void for vagueness challenge. 137 S.Ct. at 896. Therefore, *Johnson* is not applicable in this case and thus cannot serve to extend the limitations period under 28 U.S.C. § 2255(f)(3).

Accordingly, the Court finds both motions filed by Defendant to be time-barred under 28 U.S.C. §2255(f). Defendant's Motion for Time Reduction by an Inmate in Federal Custody under 28 U.S.C. § 2255 (ECF No. 28) and Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 30) are **Hereby Dismissed.** Additionally, the Court **Denies** Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right.

IT IS SO ORDERED.

Dated: September 21, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[2] 28 U.S.C. § 2255(f)(3) proscribes a one year period of limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

2